UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **MARK SATHER,** a married individual, | Cause No.: 4:16-cv-05042 |
| Plaintiff, | Complaint for Damages and Injunctive Relief |
| v. | |
| **NATIONWIDE COIN & BULLION RESERVE, INC.,** a foreign corporation, | DEMAND FOR JURY |
| Defendant. | |

**PLAINTIFF** alleges as follows:

## I. PARTIES AND JURISDICTION

1. Plaintiff Mark Sather resides in Kennewick, Washington.

2. Defendant Nationwide Coin & Bullion, Inc. ("Nationwide") is a Texas corporation engaging in the business of buying and selling rare and valuable coins and other goods throughout the United States. Nationwide's mailing address is 2470 S. Dairy Ashford Road, Suite 282, Houston Texas 77077-5516.

3. There is complete diversity between the parties and thus this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). The amount in controversy exceeds the sum of $75,000 exclusive of costs.

THE SULLIVAN LAW FIRM
K.Sullivan@SullivanLawFirm.org
701 Fifth Avenue, Suite 4600
Seattle, Washington 98104
206.903.0504

4.  Defendant Nationwide does business in this judicial district, including with respect to the transactions at issue in this action, and this Court therefore has personal jurisdiction over Nationwide. Further, Nationwide submitted itself to the courts in Washington state by engaging in conduct in violation of Chapter RCW 19.86 *et seq.*, pursuant to RCW 19.86.160.

5.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because substantial events or omissions occurred in this district. Additionally, venue is proper pursuant to 28 U.S.C.§ 1391(b)(3) because Nationwide is subject to personal jurisdiction in this district.

## II.  FACTUAL ALLEGATIONS

6.  Plaintiff is 72 years old and retired. He retired in 2011 at age 67 and resides with his wife in Kennewick.

7.  Plaintiff grew up in the Northwest. Between 1972 and 2011 he was employed as a sanitation worker, foreman and later manager in a factory which manufactured canned and frozen vegetables. He has no experience, background or education in finance or investments. He and his wife were thrifty and saved money for retirement and they had saved approximately $175,000 when Plaintiff retired.

8.  In 2013, Plaintiff read a Nationwide advertisement sent in the mail to his home. The advertisement stated that an investment in gold coins was excellent and otherwise extolled the benefits of investment in commemorative gold coins. Based on this advertisement, Plaintiff contacted Nationwide via telephone in or about August 2013.

9.  Plaintiff told the Nationwide sales representatives that he was retired and had a savings account and an annuity.

10. Nationwide sales representatives induced Plaintiff to liquidate his savings account and annuity and use the proceeds to invest in commemorative gold coins, informing Plaintiff that:

THE SULLIVAN LAW FIRM
K.Sullivan@SullivanLawFirm.org
701 Fifth Avenue, Suite 4600
Seattle, Washington 98104
206.903.0504

- Gold coins purchased from Nationwide were an excellent investment during retirement.
- Gold coins which Nationwide offered and sold to Plaintiff were sold at their actual market value.
- Plaintiff's investments with Nationwide were secure in value and would never go down in price because they were backed by gold commemorative coins.
- Plaintiff could trust them because they were experts in gold coins and were also highly knowledgeable about the valuation of gold coins.
- Gold coins would double in value within the next 3-5 years.
- Certain gold coins which Nationwide offered and sold to Plaintiff would be worth more than five times the sales price in a year.

11.   Over the next several years, Nationwide convinced Plaintiff to believe that its representatives were his good friends and he could trust them with his life savings. At the urging of Nationwide's representatives, he used his entire life savings to purchase gold commemorative coins. After investing all his life savings with the urging of Nationwide representatives, Plaintiff used his credit union line of credit to purchase more gold coins from Nationwide on credit. These representatives also told Plaintiff that he should obtain an increase in his credit line to buy more coins, which he did. When this line was exhausted, they urged Plaintiff to obtain credit cards to buy more coins from them. These representatives told Plaintiff this debt used to purchase gold coins from Nationwide was "backed up" by the investment in gold coins.

12.   Plaintiff purchased a total of $248,263 in gold coins from Nationwide, in reliance on the above-stated representations and inducements.

13.   In January 2016, Plaintiff was contacted by a representative from another gold coin dealer. Plaintiff explained to this representative that he had already invested all his retirement funds (plus borrowed money) in gold coins purchased from Nationwide. During

Complaint for Damages and Injunctive Relief - 3 of 8

THE SULLIVAN LAW FIRM
K.Sullivan@SullivanLawFirm.org
701 Fifth Avenue, Suite 4600
Seattle, Washington 98104
206.903.0504

1  the discussion, Plaintiff learned that Nationwide had sold him gold commemorative coins
2  at prices substantially higher than their actual market value, contrary to the repeated repre-
3  sentations of Nationwide representatives which had induced his purchases.

4      14.  As one example, Nationwide sold Plaintiff a 1984 ten dollar "Olympic Runner"
5  gold commemorative coin from the Philadelphia Mint for the amount of $7,995. At the time
6  of his purchase, Nationwide representatives told Plaintiff that the coin was in fact worth
7  $7,995 and that a purchase at this price was a great investment. The actual market price of
8  that same coin was only $1,260, and thus Nationwide induced Plaintiff to pay more than
9  five times the actual market price for that coin.

10     15.  As another example, Nationwide sold Plaintiff a 2014 Gold Kennedy Half Dol-
11 lar coin for the amount of $5,995, representing this was its current market price. In fact, the
12 U.S. Mint, which made this coin, sold it for the amount of $1,240 brand new at the same
13 time. Moreover, coins sold with a certification had a market value of $1,500. Therefore, Na-
14 tionwide sold this coin to Plaintiff at four to five times the actual market price. Now, the
15 coin is available from retailers for $1,149.

16     16.  Nationwide has induced other Washington consumers to invest in the same
17 scheme by making similar representations of investment suitability and coin valuation,
18 causing damages to these other consumers.

19     17.  Plaintiff suffered the loss of most of his life savings and incurred the amount of
20 $60,000 in high-interest debt as the direct result of Nationwide's fraudulent and deceptive
21 scheme. A summary showing Plaintiff's purchases and his damages is attached hereto as
22 **Exhibit A.**

23                  III. <u>FIRST CAUSE OF ACTION — FRAUD</u>

24     18.  Plaintiffs incorporate the above allegations above as if fully set forth herein.
25     19.  Defendant Nationwide made representations of existing material fact to Plain-
26 tiff, for example, that: (1) the gold commemorative coins that Nationwide sold to him were

Complaint for Damages and Injunctive Relief - 4 of 8

The Sullivan Law Firm
K.Sullivan@SullivanLawFirm.org
701 Fifth Avenue, Suite 4600
Seattle, Washington 98104
206.903.0504

sold at the actual market value of the coins, and (2) the investment was suitable for a person in Plaintiff's financial situation and retirement status.

20. Nationwide represented to Plaintiff that they were experts and possessed special knowledge as to gold commemorative coins and their value, and that purchase of these coins was an excellent investment during retirement.

21. Nationwide's representations of value and investment suitability were false. Nationwide sold coins to Plaintiff at drastically inflated prices, which did not reflect the actual market value. The investment of Plaintiff's retirement funds (plus borrowed funds) into highly-speculative gold coins was not a suitable investment. Nationwide knew their statements to Plaintiff were false.

22. Nationwide representatives also knew that Plaintiff was of modest means, was retired, was financially unsophisticated, and that Plaintiff completely trusted Nationwide and their investment advice. Their representations to Plaintiff were made with the intent that he rely on their statements, and Nationwide knew that Plaintiff was ignorant of their falsity.

23. Plaintiff relied on Nationwide's representations. He would not have purchased the gold commemorative coins without their representations. Plaintiff had the right to rely on these representations.

24. Plaintiff suffered damages in an amount to be proved at trial as the result of these false representations.

## IV. SECOND CAUSE OF ACTION — NEGLIGENT MISREPRESENTATION

25. Plaintiffs incorporate the allegations above as if fully set forth herein.

26. While acting in their business, profession or employment, Nationwide supplied false information to Plaintiff.

27. Nationwide failed to exercise reasonable care and competence in obtaining or communicating the information to Plaintiff, who relied on this information.

Complaint for Damages and Injunctive Relief - 5 of 8

THE SULLIVAN LAW FIRM
K.Sullivan@SullivanLawFirm.org
701 Fifth Avenue, Suite 4600
Seattle, Washington 98104
206.903.0504

28. As a direct and proximate result, Plaintiff suffered damages in an amount to be proved at trial.

### V. THIRD CAUSE OF ACTION — WASHINGTON CONSUMER PROTECTION ACT.

29. Plaintiffs incorporate the allegations above as if fully set forth herein.

30. In the above actions, Nationwide engaged in a pattern of unfair and deceptive acts and practices in trade or commerce in the state of Washington.

31. These actions have an impact on the public interest because, on information and belief, other Washington consumers have purchased gold commemorative coins from Nationwide. Further, Nationwide has and continues to advertise within the state of Washington and in media which is available to and is read by Washington consumers, thereby making it likely that other Washington consumers will be similarly harmed by Nationwide. Nationwide has injured other persons and has the capacity to injure other persons, within the meaning of RCW 19.86.093.

32. Plaintiff has suffered actual damages caused by Nationwide's unfair and deceptive acts and practices in an amount to be proved at trial. Several Nationwide advertisements transmitted to Washington consumers are attached hereto as **Exhibit B.**

33. Plaintiff requests injunctive relief to prevent Nationwide from engaging in the same or similar unfair and deceptive acts and practices in the state of Washington including that: (1) Nationwide be prohibited from advertising in this state; and (2) Nationwide be prohibited from marketing and selling its products to Washington consumers.

### VI. FOURTH CAUSE OF ACTION — BREACH OF FIDUCIARY DUTY.

34. Plaintiffs incorporate the allegations above as if fully set forth herein.

35. Nationwide acted as an investment adviser and allegedly as a "friend" to Plaintiff. Nationwide knew that Plaintiff had no investment experience and was relying upon its

Complaint for Damages and Injunctive Relief - 6 of 8

THE SULLIVAN LAW FIRM
K.Sullivan@SullivanLawFirm.org
701 Fifth Avenue, Suite 4600
Seattle, Washington 98104
206.903.0504

expertise and representations, as alleged above, when he purchased gold coins from Nationwide for investment during retirement.

36. Nationwide had vastly superior knowledge as compared to Plaintiff with respect to gold coin valuation and their suitability as an investment.

37. Nationwide affirmatively encouraged Plaintiff to trust the company as acting in Plaintiff's best interests, and he did trust Nationwide completely. For example, Plaintiff disclosed his financial circumstances to Nationwide because he trusted its representatives, and he also purchased additional gold coins using borrowed funds because he trusted its representatives.

38. Nationwide misrepresented facts that were within its area of expertise in order to induce Plaintiff's reliance.

39. As a result of Nationwide's actions, Plaintiff dropped his guard and reposed his trust in Nationwide. Plaintiff relied completely on Nationwide when he purchased gold coins for investment from that company.

40. Nationwide established a fiduciary relationship with Plaintiff by and through the above actions, statements, conduct and course of dealing. As a result, Nationwide owed fiduciary duties to Plaintiff.

41. Nationwide breached its fiduciary duties owed to Plaintiff, and Plaintiff has suffered resulting damages in an amount to be proved at trial.

## VII. REQUEST FOR RELIEF

Plaintiff seeks the following relief:

1. An award of actual damages suffered.
2. An award of punitive damages under the Consumer Protection Act.
3. An award of prejudgment interest on all damages.
4. An award of his attorney's fees and costs.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 7 OF 8

THE SULLIVAN LAW FIRM
K.Sullivan@SullivanLawFirm.org
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WASHINGTON 98104
206.903.0504

5. An injunction prohibiting Nationwide from advertising, marketing and the sale of gold coins to Washington citizens pursuant to RCW 19.86.090.

6. For such other and further relief as the Court deems fair, just and equitable.

*Dated* this 7th day of April, 2016.

THE SULLIVAN LAW FIRM

By: _____
Kevin P. Sullivan, WSBA #:11987
Patrick J. Sullivan, WSBA #:50230
701 Fifth Avenue, Suite 4600
Seattle, Washington 98104
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 8 OF 8

THE SULLIVAN LAW FIRM
K.Sullivan@SullivanLawFirm.org
701 Fifth Avenue, Suite 4600
Seattle, Washington 98104
206.903.0504